SCHAUBER *v.* JACKSON, *ex dem.,* BOGERT and others, 2 Wend. 13, 64.

In S. Ct., 7 Cow. 187, 417, 490.

### Adverse Possession ; Evidence ; Presumption.

THE statement of the facts in this case, is taken from the opinion of Stebbins, Senator, and seems to contain all that is essential to a right understanding of the points decided in the Supreme Court and in the Court of Errors. That Senator was for *reversal.*

" The lands in controversy in this cause, are situated in the county of Saratoga, and are part of a tract granted by letters patent to William Appel in 1708. The father of Schauber entered upon the premises when in a wild state, about half a century since, without any claim of title, and frequently acknowledged that the owner was unknown to him, and applied to others for information in regard to the title, with the avowed purpose of purchasing. Not being able to find the owner, he continued clearing and cultivating the land, building on and improving it till his death, and then transmitted his possession to his son, the defendant below. The plaintiff below claimed title as the descendants and heirs of William Appel, the patentee, through his oldest son and heir Simon Appel.

The defendants to show that plaintiffs were not entitled to recover introduced the will of William Appel, by which he " bequeathed to his son Simon twenty shillings for his *birthright,* to be raised and levied out of his estate, wherewith he utterly excludes, debars, and precludes him from having or claiming any other or further pretensions, claims, and demands, whatsoever, as being his heir at law, or by any pretence whatsoever."

According to the English law, in force at the death of William Appel, his eldest son Simon was his *heir at law,* unless the descent was broken by the will. The will then authorizes, empowers, orders, and directs his executors, to sell the whole of his real and residue of his personal estate—and to divide the moneys arising from the sale—one fifth to each of his sons Simon and Johannes, one fifth to each of his

two daughters, and one fifth to a grandson, and appoints Johannes and his daughter Engeltje executors of his will. The daughter renounced, and letters testamentary were issued to Johannes alone." Per Stebbins, Senator.

Upon this evidence and some other intended to show that some part of the lands patented had been conveyed by grants of third persons; but not of these premises; and of a mortgage more than twenty years old, on which nothing had been done—the defendant insisted at the trial, that he had shown title *out* of the lessors of the plaintiff, and that therefore his own possession, such as it was, was protected as against them, and that a grant might be presumed by the jury, &c.

The Circuit Judge (Walworth) charged the jury that in his opinion, the evidence was not sufficient to *prove* nor to authorize them to presume that William Appel, or his heirs or representatives, had aliened the premises to any person so as to divest the title of the lessors of the plaintiff as heirs, if they had proved themselves such heirs, but that the evidence was proper for their consideration, in determining whether they were such heirs, and that in his opinion the evidence was sufficient to warrant the jury in finding a verdict for the plaintiff, but that was a matter for their consideration ; which charge was excepted to. Verdict for plaintiff. And on motion for new trial,

The Supreme Court held that the charge, as well as the verdict upon the evidence was right. That the court will not, nor is a jury authorized to presume a conveyance by the executor's having a *naked power of sale*, or to presume a continued outstanding title, against the heir, to protect the possession of a mere *intruder*, without color or pretence of title, even after the lapse of more than forty years possession of the latter. That courts will not countenance presumption of outstanding title in favor of a mere intruder, who enters avowedly without pretence of title. That therefore a *mortgage of more than twenty years standing, on which no interest has been paid, and under which, no entry or foreclosure has taken place, is not* such an *outstanding title* as will bar an ejectment by the mortgagor or his heirs.

The Supreme Court also held that the direction to the ex-

ecutors to sell, &c., did *not* break the descent at law, notwith-standing the disinheriting legacy, and the declaration that he should take nothing as heir. *Otherwise*, if he had devised the land to the executors, the heirs at law can only be disin-herited by an express devise, or by necessary implication to *some other person*. That the executors here took merely a naked *power* to sell without an *interest*. On writ of error to this decision,

The Court of Errors held that the judgment was erroneous and should be *reversed*—by a vote of 12 to 10.

After this decision the Chancellor (Walworth) proposed that the court should definitely express the grounds upon which the judgment of this court was pronounced. "Whe-ther the court was of opinion, that by the will of William Appel, an estate was given by implication to the executors, *or* whether they were of opinion that the facts and circumstan-ces of the case should have been submitted to the jury *so as to authorize them* to *presume* a conveyance from William Ap-pel, the patentee, or his executors. Several members observ-ing that their opinion had been formed only on a considera-tion of the latter proposition, the question as to the legal con-struction of the will was not put. The other question was however put, namely :

"Ought the facts and circumstances of the case to have been submitted to the jury, so as to have authorized them to presume a conveyance from William Appel or his executors, if in the judgment of the jury, such facts and circumstances were sufficient to authorize such inference ?" Which resolu-tion was passed by a vote of ayes 16 noes 7.

Judgment reversed accordingly.

